[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2010
JOHN LEY
CLERK

No. 09-11178
Non-Argument Calendar

_____

D. C. Docket No. 08-00197-CR-1-VEH-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT ADAMSON, JR.,
a.k.a. Pokey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Roosevelt Adamson, Jr. appeals from his conviction and 262-month sentence for his role in a drug conspiracy and other offenses. We affirm.

## I. Background

In September 2008, Adamson pleaded guilty to conspiracy to distribute and to possess with the intent to distribute 50 grams or more of a cocaine-based substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and the unlawful use of a communication facility to commit and facilitate a felony, in violation of 21 U.S.C. § 843(b).

The plea agreement contained a cooperation provision stating that, if Adamson provided "substantial assistance" under U.S.S.G. § 5K1.1, the government would seek a downward departure in Adamson's sentence. The parties agreed that the decision "as to the degree or extent of the downward departure requested, if any, also lies in the sole discretion of the United States." Finally, the agreement informed Adamson that the Sentencing Guidelines were advisory and that the plea agreement was not binding on the district court.

Before sentencing, the government filed two "Informations," under 21 U.S.C. § 851, detailing two of Adamson's prior felony drug convictions for drug possession and aiding and abetting drug distribution. Soon after, the district court held a change-of-plea hearing. At this hearing, Adamson stated that he understood

2

that his prior drug convictions would result in a longer sentence for his drug-conspiracy offense. Adamson also indicated that he understood the appeal-waiver provision, the government's discretion in recommending a reduced sentence, and the fact that the court was not bound by either the Guidelines or the plea agreement. Finally, Adamson stated that he understood his right to plead not guilty and proceed to trial, his forfeiture of that right and other trial rights, and the nature of the charges and the content of the plea agreement. Adamson then stipulated to the facts set forth in the plea agreement and entered his guilty plea. The court accepted his plea and found that it was entered freely, voluntarily, and knowingly. Because his drug-conspiracy offense was his third felony drug arrest, the presentence investigation report classified Adamson as a "career offender" under U.S.S.G. § 4B1.1, subjecting him to a guideline sentence of life in prison.

Thereafter, the government filed a motion to depart pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government stated that Adamson was "forthcoming and cooperative" and recommended a 300-month sentence. The government later argued that it did not mention Adamson's help in two homicide cases in this motion because the information that Adamson provided had yet to be corroborated.

At the sentencing hearing, Adamson addressed the court, apologized, and

asserted that his "little small part" in the conspiracy did not merit 20 years'

imprisonment.  The government responded:

> [PROSECUTOR]: Your Honor, Mr. Adamson is absolutely right.  His involvement in the conspiracy is not worth 20 years.  It's worth life.
>
> [THE COURT]: I didn't see that one coming.
>
> [PROSECUTOR]: Well, Your Honor, it's true.  I mean --
>
> [THE COURT]: No, no.  Just go ahead.  I just reacted, and I didn't see it coming.
>
> [PROSECUTOR]: I am not trying to be funny.  He has got priors. The reason why he is here today, the reason why we are sitting here, and the reason why we are talking about this – why we talked about [U.S.S.G §] 5K is because he is in a position to be sentenced at life . . . . [H]e was being locked up in federal prison . . . for distributing and obtaining kilos of cocaine, which is exactly what he is here for now. He is here because he continues to violate the law . . . .
>
> That's why it's a little bit hard to hear that he feels like somehow he deserves to get less than the 25 years.  He is getting a huge break down from life for somebody who has repeatedly offended, repeated[ly] distributed cocaine . . . .
>
> So it's a little bit hard to hear that he feels like somehow this is a one-time thing, that all of these programs he went to worked, because they didn't . . . .  Did Mr. Adamson cooperate?  Absolutely.  Is he doing everything that we asked him to do?  Absolutely.  Do we think that he needs to get a break from life because of that ?  Absolutely.  That's the reason why we filed a motion . . . .  So we would ask the Court to honor our motion and sentence the defendant as requested by the government to 300 months.

The court granted the government's motion for a downward departure,

4

which yielded an advisory guideline range of 262 to 327 months' imprisonment, and sentenced Adamson to 262 months. Neither party objected. Adamson appeals, arguing that his guilty plea was not entered knowingly or voluntarily and, alternatively, that the government breached its obligations under the terms of his plea agreement.

## II. Discussion

Because Adamson raises both of his arguments for the first time on appeal, we review for plain error. *Puckett v. United*, 129 S. Ct. 1423, 1428 (2009) (resolving a circuit split and holding that the government's breach of a plea agreement, when not properly preserved before the trial court, is an issue subject to plain-error review)*; United States v. Spoerke*, 568 F.3d 1236, 1244-45 (11th Cir. 2009) (holding that most issues raised for the first time on appeal are reviewed for plain error). Plain error occurs where: "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Spoerke*, 568 F.3d at 1244-45.

*1. Knowing and Voluntary Plea*

Adamson first argues that the district court erred in accepting Adamson's plea as knowing and voluntary. Federal Rule of Criminal Procedure 11 requires a

district court to conduct an inquiry into whether a defendant's guilty plea is knowing and voluntary. *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). Before it accepts a guilty plea, the court must address three core concerns underlying Rule 11: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." (*Id.*) (quotation marks omitted).

We conclude that the district court did not plainly err in finding that Adamson's plea was knowing and voluntary. At the change-of-plea hearing, Adamson stated that he had not been coerced, that he understood the nature of the charges against him, and that he understood what rights he was giving up and the potential penalties he faced. Accordingly, the court did not plainly err in accepting his plea as knowing and voluntary.

*2. Breach of plea agreement*

Adamson next argues that the government breached the plea agreement. The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty. *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008). Whether the government violated an agreement is judged according to the defendant's reasonable understanding at

the time he entered his plea. *Id.* Because he raises this issue for the first time on appeal, Adamson must establish that the government's breach affected his sentence. *See Puckett*, 129 S.Ct at 1433, n.4 ("When the rights acquired by the defendant relate to sentencing, the outcome he must show to have been affected is his sentence.").

Adamson alleges that the government breached the agreement by failing to inform the court of assistance he provided regarding two pending homicide investigations, misstating his prior convictions by claiming that he was previously incarcerated for "distributing and obtaining kilos of cocaine," and stating that Adamson's involvement in the conspiracy was "worth life." He alleges that these breaches "resulted in a magnified sentence that was patently unfair."

We conclude that Adamson has not established that these government omissions and misrepresentations prejudiced his sentence. Adamson concedes that both of his prior convictions were felony drug offenses. Adamson, therefore, was subject to life imprisonment under the sentencing guidelines not because of the quantity of drugs involved in his previous convictions or the government's comments but because the instant drug-conspiracy offense was his third felony drug offense and he was a "career offender" under U.S.S.G. § 4B1.1. The government's § 5K1.1 motion reduced his advisory guideline range to 262-327

months, and the district court exercised its discretion in sentencing him to the lowest amount within this range.

Finally, Adamson contends in his reply brief that the government breached the plea agreement because, under the agreement's terms, it was obligated to recommend a sentence at the low end of the guideline range, which was 262-327 months. We will not address this argument because Adamson failed to raise it in his initial brief. *United States v. Nealy*, 232 F.3d 825, 830-31 (11th Cir. 2000) (holding that parties "must submit all issues on appeal in their initial briefs" and issues submitted for the first time in supplemental briefing are waived).

Thus, Adamson's conviction and sentence are

**AFFIRMED.**